IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-118-WHA |
| | ) [WO] |
| CHARLES KELVIN JOHNS, | ) |
| #154 434, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Charles Johns, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, attempts once again to remove his state criminal case to federal court.[1] Johns seeks to remove this case under 28 U.S.C. § 1443(1), which provides for removal of criminal cases that involve denial or non-enforcement in state court of "a right under any law providing for [ ] equal civil rights."[2] Upon review of the notice of removal, the court concludes this case is due to be remanded to state court.

---

1   Johns previously filed a notice of removal with this court. *See State of Alabama v. Johns,* Civil Action No. 2:17-cv-860-WHA (M.D. Ala. 2018). The court remanded the case to state court.

2Johns did not submit a filing fee with his notice of removal nor did he request leave to proceed *in forma pauperis.* Generally, in civil actions, "[b]ecause removal to federal court constitutes an initial case filing, the removing party is required to pay the [statutory] filing fee." *Hagner v. Seminole Cnty.*, No. 6:07–CV–1464–ORL–31AUM, 2007 WL 3407387, at *3 (M.D. Fla. Nov. 13, 2007) (citing 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350"). In *Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964), however, the court held that "[f]iling fees are not to be collected in connection with criminal removal petitions." *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent in the Eleventh Circuit all decisions issued by the Fifth Circuit before October 1, 1981).

## I. DISCUSSION

A state prosecution may be removed to federal court only under the narrow circumstances set forth in 28 U.S.C. §§ 1442, 1442a, and 1443. Because Johns is not a federal officer or a member of the United States armed forces, 28 U.S.C. §§ 1442 and 1442a do not apply. Under 28 U.S.C. § 1455(b)(4), the court must "promptly" examine the defendant's removal papers and "[i]f it clearly appears . . . that removal should not be permitted, the court shall make an order for summary remand."

In his previous removal action, the court determined Johns failed to meet the procedural requirements for removal of a state criminal action.[3] The court further concluded that even had Johns filed a timely notice of removal, he failed to meet the requirements for removal under 28 U.S.C. § 1443(1). The present action meets the same fate.

Even if this removal action met the procedural requirements under § 1455 (and it does not), it again fails to meet the requirements for removal under § 1443. Under this statute, a civil action or criminal prosecution may be removed from a state court to a federal district court when the state action is:

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law.

28 U.S.C. § 1443(1) and (2).

28 U.S.C. § 1443(1) is authorized where the defendant "is denied or cannot enforce in the

---

3   Specifically, the court determined Johns did not comply with § 1455(b)(1)'s temporal requirement for removing a state criminal prosecution nor had he presented good cause to excuse his filing of the notice of removal outside the specified time period.

2

courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right. *See Alabama v. Conley*, 245 F.3d 1292, 1294 (11th Cir. 2001) ("[T]he petitioner must show that he has been denied or cannot enforce that right in the state courts.") (quoting *Georgia v. Rachel*, 384 U.S. 780, 794 (1966)). The Supreme Court has interpreted § 1443(1) as limited to a state court's unwillingness to enforce a law "providing for civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792.

      Here, Johns does not allege there is an explicit state law which, by its very operation, inevitably resulted in the denial of his civil rights. Even if he may be heard to make such allegation, he identifies no state law or constitutional provision that denies him the opportunity to raise a federal right in state court, nor has he shown that he will be unable to enforce a federal right in state court. *See Rachel*, 384 U.S. at 804 (holding that "removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts."); *Conley*, 245 F.3d at 1294. Additionally, broad contentions of deprivations of equal protection and due process in the state court criminal proceeding will not support removal under § 1443(1). *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (holding on review of an application under § 1443(1) that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."). Further, to the extent Johns attempts to remove a criminal appeal or other post-conviction matter, these proceedings occur after trial and are, thus, time-barred from removal under 28 U.S.C. § 1455(b)(1) (a notice of removal of a criminal prosecution "shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier.").

Finally, removal under 28 U.S.C. § 1443(2) is only authorized "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The Supreme Court has construed this provision as conferring "a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Johns' case does not fall within this category.[4]

For these reasons, the court concludes that "it clearly appears on the face of the notice and [] exhibits annexed thereto that removal should not be permitted," 28 U.S.C. § 1455(b)(4), and this case is, therefore, due to be remanded to state court.

## II. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge this case be REMANDED to the Circuit Court for Pike County, Alabama.

It is further

ORDERED that any objections to the Recommendation may be filed **on or before March**

---

[4] The court notes that to the extent Johns' criminal convictions under which he is imprisoned have become final, "[t]he *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although there is no reason to believe the state courts will not duly respect and enforce Johns' federal rights, any challenge he seeks to make in this regard is appropriate through filing a petition seeking direct review in the United States Supreme Court. Additionally, where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Further, a 42 U.S,C § 1983 action may not be used to challenge the fact of an inmate's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be filing a petition under 28 U.S.C. § 2254.

**14, 2019**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 1th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 28th day of February, 2019.

                    /s/Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE