IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv118-MHT |
| | ) | (WO) |
| CHARLES KELVIN JOHNS, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION AND ORDER

Although this lawsuit bears a 'civil' action number, it began as a 'criminal' case in state court against defendant Charles Johns, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama. Johns removed the state criminal case to this federal court under 28 U.S.C. § 1443(1), which provides for removal of criminal prosecutions that involve denial or non-enforcement in state court of "a right under any law providing for [ ] equal civil rights." His case appears to be on appeal in the state-court system. *See* Notice of Removal (doc. no. 1). Pending before the court is Johns's request for a preliminary

injunction. He seeks to enjoin the president of the First National Bank of Brundidge in Brundidge, Alabama, from denying him access to funds he claims are maintained under his name and social security number at the bank. *See* Motion for Injunction (doc. no. 4) at 1. He asserts he requires access to the funds to retain counsel of his choice to pay necessary legal expenses and fees in this removed action. Upon review, the court concludes that the motion for preliminary injunction should be denied.

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if the moving party demonstrates each following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the

potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *See id.; McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's entitlement to relief, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly

adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990)).

Regarding the first prerequisite for issuance of preliminary-injunctive relief, Johns fails to demonstrate a substantial likelihood of success on the merits of his claim. He has failed to establish that he has been improperly denied access to funds for legal expenses which he claims he has at the First National Bank of Brundidge. Furthermore, the National Bank of Brundidge is not a party in this lawsuit; therefore, this court lacks authority to order it to produce any funds. Nor has Johns made a strong showing with respect to the other preliminary-injunction factors. Although Johns asserts a denial of the right to hire the counsel of his choice in his state-court criminal proceedings and in this removed proceeding, this

4

allegation is insufficient to show the necessary likelihood of irreparable harm absent issuance of an injunction. He has appointed counsel in the state court. Consequently, he has not "clearly established the burden of persuasion" regarding whether he will suffer irreparable injury in the absence of a preliminary injunction. *McDonald's Corp.*, 147 F.3d at 1306. Finally, it is unclear what Johns's requested relief would entail; this lack of clarity prevents the court from determining what burden an injunction would have and whether issuing one would harm the public interest. Issuing a preliminary injunction is not warranted.

\*\*\*

For the foregoing reasons, it is ORDERED that the motion for preliminary injunction (doc. no. 4) is denied.

DONE, this the 5th day of April, 2019.

5

/s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE